Filed 11/12/21  P. v. Probus CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072780 |
| v. | (Super.Ct.No. SWF003257) |
| JAMES RAMIREZ PROBUS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meredith S. White and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant James Ramirez Probus appeals the Riverside County Superior Court's summary denial of his petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1] We affirm.

## BACKGROUND

In the wee hours of November 8, 2002, neighbors of Ronald Sommer (the victim) heard gunshots coming from the direction of the victim's residence. The following day, the victim was found dead in his home. Investigators believed he had been shot by someone on the front porch while he was standing inside the closed front door. A couple of weeks after the victim's death, defendant was in a car driven by his friend Sebastian Jeremy Martinez, who was driving erratically. When a deputy sheriff attempted to pull them over, Martinez led them on a high-speed chase that resulted in the arrest of both men. Defendant was charged with being a felon in possession of ammunition.

Defendant was still in custody on the possession charges in February 2003 when he wrote a letter to a sheriff's deputy offering to turn over information about a murder. The ensuing investigation revealed evidence of defendant's close friendship with Martinez and their plan to go to the victim's house to smack him around a little and take his money. When the two men left the home of defendant's girlfriend to carry out their plan, defendant was armed with a 20-gauge shotgun, and Martinez had a handgun. In the period between the victim's death and defendant's arrest, the girlfriend heard Martinez

---

[1] All further statutory references are to the Penal Code.

and defendant talk about which one of them shot the victim and accusing each other of the murder.

Defendant and Martinez were tried jointly but with separate juries. Defendant's jury convicted him of first degree murder (§ 187) and found as a special circumstance that the murder was committed while defendant was engaged in the crime of attempted robbery (§§ 190.2, subd. (a)(17)(A), 664, 211). The jury also found that defendant "did not personally and intentionally discharge[] a firearm proximately cause[] great bodily injury or death to another person, not an accomplice within the meaning of Penal Code sections 12022.53, subdivision (d) and 1192.7, subdivision (c), subsection 8."

In August 2004, the court sentenced defendant to a life term in state prison without possibility of parole. Defendant appealed, and this court affirmed the judgment. (*People v. Probus* (July 30, 2008, E041799) [nonpub. opn.].)

On January 22, 2019, just weeks after new laws limiting application of the felony murder rule and providing for retroactive relief came into effect, defendant filed a petition pursuant to section 1170.95 seeking vacation of his murder conviction and resentencing. Defendant was not present but was represented by counsel on March 22, 2019, when the sentencing court summarily denied the petition. Defendant appealed.

## DISCUSSION

Defendant argues the trial court erred when it summarily denied his petition upon a finding that he is ineligible as a matter of law for recall of his murder conviction and resentencing pursuant to section 1170.95. We disagree and affirm.

3

*1. Senate Bill No. 1437 limits the scope of the felony murder rule and provides a procedure for recall of certain sentences*

At the time defendant was sentenced, a person could be convicted of murder simply by participating in an attempt to commit or the commission of one of the felonies listed in section 189 in which a death occurs. (§ 189, subd. (a).) Robbery is included in the list. (*Ibid.*)

In 2018, the Legislature eliminated natural and probable consequences liability for murder and narrowed the scope of the felony by passage of Senate Bill No. 1437, effective January 1, 2019. (Stats. 2018, ch. 1015.) The bill substantively amended sections 188 and 189 to ensure liability for murder would be limited to persons who (i) are the actual killer, (ii) are not the actual killer but, with the intent to kill, the person aided, abetted, counseled, commanded, induced, solicited requested, or assisted the actual killer in the commission of murder in the first degree, or (iii) are a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

The bill also added section 1170.95, which established the procedure for persons previously convicted of felony murder or of murder under a natural and probable consequences theory to petition to have their sentence vacated and to be resentenced if they could not be convicted under the law as amended. (*Lewis*, *supra*, 11 Cal.5th at p. 959.) The petition must be filed in the sentencing court and aver: (i) the complaint, information, or indictment filed against the petitioner allowed the prosecution to proceed

4

under a theory of felony murder or a murder due to natural and probable consequences; (ii) the petitioner was convicted of first or second degree murder either after a trial or accepted a plea offer in lieu of a trial in which the petitioner could have been convicted of first or second degree murder; and (iii) the changes made by Senate Bill No. 1437 to sections 188 and 189 would now foreclose petitioner from being convicted of first or second degree murder. (§ 1170.95, subd. (b)(1); *Lewis*, at pp. 959-960.) Petitioner is also required to state whether appointment of counsel was requested. (*Lewis*, at p. 960.)

If the petition complies with the aforementioned requirements, the court must assess if the petitioner has made a prima facie showing for relief in accordance with subdivision (c) of section 1170.95. (*Lewis*, at p. 960.) At this point, the court must appoint counsel if the petitioner has requested one. (§ 1170.95, subd. (c); *Lewis*, at pp. 961-963.) The prosecutor must file and serve a response to the petition within sixty days after the petition was served, and the petitioner may file and serve a reply within 30 days after the prosecutor's response is filed. (§ 1170.95, subd. (c); *Lewis*, at p. 961.) If the court determines a petitioner made a prima facie showing that he or she is entitled to relief, it must issue an order to show cause. (*Lewis*, at p. 961.)

In making the determination whether the petition has made a prima facie showing, the court will necessarily be informed by the record of conviction, which will allow the court to distinguish petitions with potential merit from those that are clearly lacking merit. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) Although the court may not engage in factfinding involving the weighing of evidence or exercise its discretion, it may consider

5

the record of conviction, including the courts own documents and appellate opinion. (*Id.* at pp. 971-972.) If the record of conviction contains facts refuting the petition's allegations, then the court is justified in making a finding that the petition does not pass prima facie muster. (*Id.* at p. 971.)

2. *The trial court's summary denial of defendant's petition was not error*

In this case, the court set a status hearing after defendant filed his petition. At that hearing, it announced that it had reviewed its own records and concluded that the jury's true finding on the special circumstance allegation precluded Senate Bill No. 1437 relief as a matter of law. Defendant claims the dismissal was error for two reasons: (i) the court incorrectly found he was the actual killer, and (ii) he cannot properly be found to have been a major participant in the underlying felony who acted with reckless indifference to human life because the jury had not been provided a definition for "major participant" or instructed how to determine whether defendant came within that description.

The court did not find defendant was the "actual killer"

The record does not support defendant's argument that the court found he was ineligible for Senate Bill No. 1427 relief on the grounds he was the actual killer.

His claim stems from the court's remarks made when reviewing the jury's findings at the status review hearing. It said, "[t]hey found not true the finding for committed during a burglary. I'm not going to read the exact wording of that. They also found true personal discharge of a firearm causing great bodily injury within the meaning of

6

12022.53, subdivision (d)." The court misspoke. The jury found defendant "did *not* personally and intentionally discharge[] a firearm proximately cause[] great bodily injury or death to another person, not an accomplice, within the meaning of Penal Code sections 12022.53, subdivision (d) and 1192.7, subdivision (c), subsection 8." (Italics added.)

Although the record reflects the court misstated the jury's finding as to the personal discharge of a firearm, it did not bottom the denial of defendant's petition on a finding he was the actual killer. Rather, the court explained its decision as follows: "[G]iven the jury's finding that the special circumstance was true, a predicate that… allows him to be charged with first degree murder under 1437 has been determined as a matter of law. For that reason, this petition is summarily denied."

The trial court correctly denied the petition because the special circumstance finding precludes defendant from obtaining Senate Bill No. 1437 relief

Defendant argues the trial court erred when it failed to issue an order to show cause pursuant to subdivision (c) of section 1170.95 because his petition established his eligibility for resentencing and the record of his conviction does not rebut his showing as a matter of law. We disagree.

Section 190.2 (which was not amended by Senate Bill No. 1437) and subdivision (e) of section 189 (which was amended by the bill) contain identical requirements for a felony murder conviction. Those requirements are: defendant must have either (i) actually killed the victim (§§ 189, subd. (e)(1), 190.2, subd. (b)); (ii) acted with intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or

7

assisting in the killing (§§ 189, subd. (e)(2), 190.2, subd. (c)); or, (iii) been a major participant in the underlying felony and acted with reckless indifference to human life (§§ 189, subd. (e)(3), 190.2, subd. (d)). (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284.)

Here, the jury found the murder was committed while defendant was engaged in the crime of attempted robbery within the meaning of section 190.2, subdivision (a)(17)(a). The jury's true finding made in 2004 as to the section 190.2 special circumstance allegation is exactly the same finding it would be required to make to convict defendant under the Senate Bill No. 1437 amendments to section 189. Accordingly, he is foreclosed as a matter of law from obtaining relief under section 1170.95 because he could still be convicted of murder. (§ 1170.95, subd. (a)(3); *People v. Jones* (2020) 56 Cal.App.5th 474, 482, (*Jones*) review granted Jan. 27, 2021, S265854.)

In his opening brief, defendant argues the trial court could not find him ineligible for resentencing as a matter of law by relying on the true finding on the special circumstance allegation because it had not properly instructed the jury on the meaning of "major participant." In his reply brief, he expands that argument to claim it was error to summarily deny his petition because, after he was convicted, the legal meaning of not only "major participant" but also the term "reckless disregard for human life" were substantially changed and narrowed by the Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). He

8

posits that, because *Banks* and *Clark* shed new light on how those terms are to be construed, an intensive analysis of the facts and his actual conduct is required to determine his culpability under the special circumstances statute before determining his eligibility for resentencing under section 1170.95.

Before discussing defendant's contentions, we note the general rule of appellate practice that points raised for the first time in a reply brief are not normally considered because the opposing party has not been given an opportunity to respond. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.) Even so, we will consider defendant's arguments concerning construction of the phrase "reckless disregard for human life" for three reasons: the analysis undertaken as to that term is the same as that for "major participant," the People recognize and discuss in its responsive brief the treatment in *Banks* of "reckless indifference for human life," and the People will not be prejudiced because we arrive at the same conclusion it urges us to embrace.

Whether a special circumstance finding made before the opinions in *Banks* and *Clark* forecloses section 1170.95 relief as a matter of law is an issue pending before our Supreme Court in several matters, including one decided by this court in *Jones*, *supra*, 56 Cal.App.5th at p. 482.

In *Jones*, we found *Banks* and *Clark* did not narrow the definitions of "major participant" and "reckless indifference," and held those terms are to be interpreted in the manner used in common parlance. (*Jones*, *supra*, 56 Cal.App.5th at p. 484.) We held petitioners who have a special circumstance finding under section 190.2, subdivision (d),

are not eligible for resentencing pursuant to section 1170.95 as a matter of law because the jury has already found they were a major participant in a listed felony and acted with reckless indifference to human life. (*Jones*, at p. 482; accord, *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284; *People v. Allison* (2020) 55 Cal.App.5th 449; contra, *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
          P. J.

We concur:

MILLER
      J.

CODRINGTON
      J.